UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY THOMAS GARDNER, | Case No. EDCV 13-1272 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER OF REMAND |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.  SUMMARY

On July 30, 2013, plaintiff Jay Thomas Gardener ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits.  The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The Court has taken both motions under submission without oral argument.  See Fed. R. Civ. P. 78; L.R. 7-15; August 6, 2013 Case Management Order ¶ 5.

///

///

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is REVERSED AND REMANDED for further proceedings

3    consistent with this Memorandum Opinion and Order of Remand.

4  **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5  **DECISION**

6    On December 18, 2009, plaintiff filed an application for Supplemental

7  Security Income benefits.  (Administrative Record ("AR") 11).  Plaintiff asserted

8  that he became disabled on October 15, 2003, due to HIV, spinal cord problems,

9  bipolar disorder, depression, chronic diarrhea, neuropathy, sciatic nerve problems,

10 and memory loss.  (AR 136-37).  The ALJ examined the medical record and heard

11 testimony from plaintiff (who was represented by counsel) and a vocational expert

12 on December 6, 2011.  (AR 21-55).

13    On March 2, 2012, the ALJ determined that plaintiff was not disabled

14 through the date of the decision.  (AR 11-17).  Specifically, the ALJ found:

15 (1) plaintiff suffered from a severe impairment of polyneuropathy involving the

16 feet and hands, and non-severe impairments of HIV and mood disorder (AR 13);

17 (2) plaintiff's impairments, considered singly or in combination, did not meet or

18 medically equal a listed impairment (AR 14); (3) plaintiff retained the residual

19 functional capacity to perform light work (20 C.F.R. § 416.967(b)) with additional

20 limitations[1] (AR 14); (4) plaintiff could perform his past relevant work as a

21 computer systems hardware analyst (AR 16); and (5) plaintiff's allegations

22 regarding his limitations were not credible to the extent they were inconsistent

23 with the ALJ's residual functional capacity assessment (AR 16).

24    The Appeals Council denied plaintiff's application for review.  (AR 1).

25

26    [1]The ALJ determined that plaintiff:  (i) could lift and/or carry no more than 20 pounds
occasionally and 10 pounds frequently; (ii) could stand and/or walk no more than four hours out
27 of eight in one hour intervals, and sit without significant restriction; (iii) could not perform work
at unprotected heights, or work that exposed plaintiff to temperature extremes, required forceful
28 gripping or grasping with the non-dominant hand, or required the use of ladders; (iv) could
occasionally climb stairs and ramps; and (v) could occasionally bend and stoop.  (AR 14).

**III.   APPLICABLE LEGAL STANDARDS**

**A.    Sequential Evaluation Process**

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)    Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)    Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

(4)    Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five.

(5)    Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work

1     experience, allow the claimant to adjust to other work that

2     exists in significant numbers in the national economy?  If so,

3     the claimant is not disabled.  If not, the claimant is disabled.

4   Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th

5   Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at

6   1110 (same).

7        The claimant has the burden of proof at steps one through four, and the

8   Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262

9   F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch

10  v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of

11  proving disability).

12      **B.    Standard of Review**

13       Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of

14  benefits only if it is not supported by substantial evidence or if it is based on legal

15  error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.

16  2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457

17  (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable

18  mind might accept as adequate to support a conclusion." Richardson v. Perales,

19  402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a

20  mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing

21  Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

22       To determine whether substantial evidence supports a finding, a court must

23  "'consider the record as a whole, weighing both evidence that supports and

24  evidence that detracts from the [Commissioner's] conclusion.'" Aukland v.

25  Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d

26  953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming

27  or reversing the ALJ's conclusion, a court may not substitute its judgment for that

28  of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

1    **IV.    DISCUSSION**

2            Plaintiff contends that the ALJ failed properly to evaluate the credibility of

3    his subjective complaints.  (Plaintiff's Motion at 6-11).  The Court agrees.  As the

4    Court cannot find that the ALJ's error was harmless, a remand is warranted.

5            **A.    Pertinent Law**

6            Questions of credibility and resolutions of conflicts in the testimony are

7    functions solely of the Commissioner.  Greger v. Barnhart, 464 F.3d 968, 972 (9th

8    Cir. 2006).  If the ALJ's interpretation of the claimant's testimony is reasonable

9    and is supported by substantial evidence, it is not the court's role to "second-

10   guess" it.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

11           An ALJ is not required to believe every allegation of disabling pain or other

12   non-exertional impairment.  Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007)

13   (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).  If the record establishes

14   the existence of a medically determinable impairment that could reasonably give

15   rise to symptoms assertedly suffered by a claimant, an ALJ must make a finding as

16   to the credibility of the claimant's statements about the symptoms and their

17   functional effect.  Robbins, 466 F.3d at 883 (citations omitted).  Where the record

18   includes objective medical evidence that the claimant suffers from an impairment

19   that could reasonably produce the symptoms of which the claimant complains, an

20   adverse credibility finding must be based on clear and convincing reasons.

21   Carmickle v. Commissioner, Social Security Administration, 533 F.3d 1155, 1160

22   (9th Cir. 2008) (citations omitted).  The only time this standard does not apply is

23   when there is affirmative evidence of malingering.  Id.  The ALJ's credibility

24   findings "must be sufficiently specific to allow a reviewing court to conclude the

25   ALJ rejected the claimant's testimony on permissible grounds and did not

26   arbitrarily discredit the claimant's testimony."  Moisa v. Barnhart, 367 F.3d 882,

27   885 (9th Cir. 2004).

28   ///

5

1   To find the claimant not credible, an ALJ must rely either on reasons
2   unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal
3   contradictions in the testimony, or conflicts between the claimant's testimony and
4   the claimant's conduct (*e.g.*, daily activities, work record, unexplained or
5   inadequately explained failure to seek treatment or to follow prescribed course of
6   treatment).  Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at
7   680-81; Social Security Ruling ("SSR") 96-7p.[2]  Although an ALJ may not
8   disregard a claimant's testimony solely because it is not substantiated
9   affirmatively by objective medical evidence, the lack of medical evidence is a
10  factor that the ALJ can consider in his credibility assessment.  Burch, 400 F.3d at
11  681.

12  **B.    Analysis**

13  Here, as noted above, the ALJ concluded that plaintiff's subjective
14  complaints were "not credible to the extent they [were] inconsistent with the
15  [ALJ's] residual functional capacity assessment."  (AR 16).  The ALJ gave no
16  clear explanation, however, of the basis for the boilerplate credibility finding
17  much less one that was sufficiently specific to allow the Court to conclude that
18  plaintiff's credibility was discounted on permissible grounds.  Defendant's
19  contentions that relief is not warranted on the foregoing basis are not persuasive.

20  First, defendant argues that the ALJ's credibility determination is bolstered
21  by the ALJ's finding that plaintiff had only a "mild limitation" in his ability to
22  perform "activities of daily living" (AR 13) because an ALJ may discredit a
23  claimant to the extent the ALJ finds inconsistencies between the claimant's

24  _____

25  [2]Social Security rulings are binding on the Administration.  See 20 C.F.R. § 402.35(b)(1);
26  Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990) (citations omitted).  Courts generally
    defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the Social
27  Security Act or regulations.  Holohan v. Massanari, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001)
    (citations omitted); Paxton v. Secretary of Health and Human Services, 856 F.2d 1352, 1356 (9th
28  Cir. 1988) (citations omitted).

6

subjective complaints and specific daily activities.  (Defendant's Motion at 6).
While the Court agrees that an inconsistency between a claimant's testimony and
his conduct may support an ALJ's rejection of a claimant's credibility (see
Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002)), it is not persuaded
that the foregoing finding by the ALJ satisfied the ALJ's obligation to specify the
basis for rejecting plaintiff's credibility in this case.  The ALJ identified the
foregoing mild limitation in plaintiff's mental abilities when considering the
"paragraph B Criteria" used to determine the severity of plaintiff's mental
impairments at step two (AR 13-14) – not when evaluating plaintiff's credibility in
connection with the ALJ's residual functional capacity assessment at step four.
See, e.g., Cohoon v. Astrue, 2011 WL 3841568, at *6 (D. Or. Aug. 30, 2011)
(rejecting argument that ALJ properly discredited testimony regarding difficulty
with concentration and symptoms of depression because plaintiff's alleged
subjective symptoms conflicted with ALJ's finding at step two that plaintiff's
non-severe mental impairment caused "no more than mild limitations in mental
functioning"; and noting that Paragraph B criteria are used to rate severity of
mental impairments at steps 2 and 3 and "are distinct from the mental [residual
functional capacity] assessment [and concomitant evaluation of plaintiff's
credibility] which occurs at steps four and five") (citation and quotation marks
omitted); see also SSR 96-8P, at *4 ("[L]imitations identified in the 'paragraph B'
. . . criteria are not [a residual functional capacity] assessment but are used to rate
the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation
process."); id. (where claimant alleges limitations due to subjective symptoms
(i.e., pain) ALJ's residual functional capacity assessment must, inter alia,
thoroughly discuss and analyze "objective medical and other evidence, including
the individual's complaints of pain and other symptoms" and "[resolve] any
inconsistencies in the evidence as a whole. . . .").  This Court may not affirm the
ALJ's credibility determination based on reasons not articulated by the ALJ.  See

7

1   Molina, 674 F.3d at 1121 (citing Securities and Exchange Commission v. Chenery
2   Corp., 332 U.S. 194, 196 (1947)) ("[courts] may not uphold an [ALJ's] decision
3   on a ground not actually relied on by the agency"); Orn, 495 F.3d at 630 ("We
4   review only the reasons provided by the ALJ in the disability determination and
5   may not affirm the ALJ on a ground upon which he did not rely."); see also
6   Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to
7   review the reasons the ALJ asserts.").

8        Even so, a conclusory finding that plaintiff had a "mild limitation" in his
9   "activities of daily living" is not a sufficient reason for discounting plaintiff's
10  credibility where, like here, the ALJ failed to identify any specific daily activities
11  that were inconsistent with plaintiff's subjective complaints. See Bunnell v.
12  Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (ALJ may discount
13  claimant's credibility due to inconsistencies between claimant's "daily activities"
14  and subjective complaints only "upon making specific findings relating to the
15  claimant's daily activities") (citation omitted).

16       Second, defendant points to the ALJ's statements that plaintiff's psychiatric
17  records reflected "psychiatric symptoms [which were] stable on medication" and
18  that the state-agency reviewing psychiatrist opined that plaintiff's "non-severe
19  psychiatric impairment [] was . . . stable on medication." (AR 14-15). The
20  foregoing findings essentially amount to a determination that plaintiff's subjective
21  complaints are inconsistent with the objective medical evidence. (AR 15-16).
22  However, as noted above, the lack of objective medical evidence to support
23  subjective symptom allegations alone is not sufficient to discount a claimant's
24  credibility. See Burch, 400 F.3d at 681.

25       Finally, the Court cannot conclude that the ALJ's error was harmless
26  because it cannot "confidently conclude that no reasonable ALJ, when fully
27  crediting the [plaintiff's] testimony, could have reached a different disability
28  determination." Stout, 454 F.3d at 1055-56. At the hearing, plaintiff testified, in

8

part, that he could not concentrate long enough to read and that he was fired from his prison job (*i.e.*, snipping rubber off the toes of shoes) because he was unable to keep up with the other workers.  (AR 41).  The vocational expert testified that there would be no work available if plaintiff (or a hypothetical individual with the same characteristics as plaintiff) "would be off task 20 percent of the time due to inability to maintain concentration, persistence or pace and/or neuropathy." (AR 50).

Therefore, remand is warranted for the ALJ to reassess plaintiff's credibility.

**V.   CONCLUSION**[3]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   January 23, 2014

_____
/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[3]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.  On remand, however, the ALJ may wish to reconsider whether the opinions of Dr. Ryan Zane, plaintiff's treating physician, have been adequately considered.  (Plaintiff's Motion at 3-6).

[4]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett, 340 F.3d at 876 (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).